IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :

JOSE ROVIRA SANTIAGO,                     :        CASE NO. 05-08295(SEK)

     DEBTOR                              :        CHAPTER 7

------------------------------
WILFREDO SEGARRA MIRANDA, as     :
trustee for the estate of José
Rovira Santiago,                          :

     PLAINTIFF                           :        ADV. NO. 06-00241

       v.                              :
BANCO DE DESAROLLO ECONOMICO
PARA PUERTO RICO, MARJORIE       :
RIVERA PUGH, RACHAEL STEWART
COLLAZO AND RS GIFT SALES INC.:
     DEFENDANTS                          :
------------------------------



FILED & ENTERED

JUL 1 1 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

We hereby deny the Trustee's motion for partial summary judgment for the following reasons.

First, we agree with Banco de Desarollo Económico Para Puerto Rico's ("the Bank") position that there is a material fact in controversy preventing us from ruling summarily. That is, whether Rachael Stewart Collazo has an interest in the real property located in Gurabo, P.R. subject to the Bank's mortgage lien. We adopt the Bank's position found at pp. 1-5 as our own.

Next, we also agree with the Bank that this loan, granted to the co defendant RS Gift Sales, Inc., is a commercial loan. The

existence of cause in a commercial loan is adjudicated by applying 19 Laws of P.R. Ann. § 603(a)(3), and not the Civil Code of Puerto Rico. Under this section, we agree that the Bank granted the loan to RS Gift Sales, Inc. for cause, and its repayment was guaranteed by a mortgage on the Gurabo realty. We base this conclusion on the arguments raised by the Bank in its opposition at p. 7 ,which we adopt as our own.

We attach the opposition as Exhibit A, incorporating its relevant parts mentioned above.

**SO ORDERED**, in San Juan, Puerto Rico, on July 9, 2008.

SARA DE JESÚS
U.S. Bankruptcy Judge

*Exhibit A*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

JOSÉ ROVIRA SANTIAGO
Debtor

Case no. 05 - 08295 SEK

CHAPTER 7

WILFREDO SEGARRA MIRANDA
as Chapter 7 Trustee, for the estate
of José Rovira Santiago
            Plaintiff

vs.

Banco de Desarrollo Económico
para Puerto Rico; Marjorie Vanesa
Rivera Pugh; Raquel Stewart Collado,
and R S Gift Sales, Inc.
            Defendants

Adv. No. 06 - 00241

AVOIDANCE OF PREFERENTIAL
TRANSFER UNDER sc. 547;
AVOIDANCE OF LIEN UNDER sc. 544;
AND TURNOVER OF PROPERTY OF THE
BANKRUPTCY CODE

## *REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

**To the Honorable Court:**

Comes now the Economic Development Bank for Puerto Rico, (EDB) a public corporation of the Commonwealth of Puerto Rico, enacted by Act Number 22, of July 24th., 1985 as subsequently amended, and through its undersigned legal counsel, very much respectfully reply to the Trustee's motion for partial summary judgment:

**1-** The Trustee's motion for partial summary judgment relies *exclusively* on the allegation that EDB's opposition to the **Third** Cause of Action to Avoid Lien Pursuant 11 U.S.C. sc. 544(b) *admits* that the debtor had bought the real estate property at Urbanización Horizontes, C -10 Aurora St., Gurabo, P. R. *alone*. Such an allegation is based and implies the validity of Public Deed No. 54 on January 28th., 1999 before Notary Public Isabel Rivera López between the debtor and codefendant Raquel Stewart Collado as the buyers, and Domingo Diaz Arroyo and Sonia González Carrión as the sellers, whereby the buyers acquired the hereinbefore referenced real estate, that was clarified afterwards by Public Deed No. 85 executed on February 4th., 1999 before the same Notary Public, between

IN RE: JOSE ROVIRA SANTIAGO
Bktcy. Case no. 05 - 08295 SEK; CHAPTER 7
UNITED STATES BANKRUPTCY COURT
Adv. No. 06 – 00241
REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; page -2-

---

same parties to establish that no matter the contents of the former, the debtor had bought the property alone. *But nonetheless, on March the 3rd., 1999 the debtor and codefendant Raquel Stewart Collado executed Public Deed No. 4 about Antenuptial Agreement before Notary Public Octavio Malavé Torres wherein the parties expressly recognized Raquel Stewart Collado's interest in this real estate at Gurabo. This fact shows clearly enough that somehow Raquel Stewart Collado is the holder of not less than an equitable interest in the property.*

2- The execution of Public Deed No. 85 executed on February 4th., 1999 before Notary Public Isabel Rivera López is a fact, but its validity is a matter of law, *that's precisely the marrow point in controversy; that is: if no matter this admission, legal reality is no other than, no matter the title of the property be under the name of the Debtor, codefendant Raquel Stewart Collado is the co owner in at least a 50% of the excess of the $33,000.00 initial investment; or that at a minimum, she holds an equitable interest of in the property.*

*This controversy requires not less than Raquel Stewart Collado"s testimony as minimum proof in order to be adjudicated.*

3- Rule 56 (c) of the Federal Rules of Civil Procedure orders in pertinent:

(c) "*Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.".........*

*The very mission of the summary judgment procedure is to pierce the pleadings and to asses the proof in order to see whether there is a genuine need for trial.* See 6 *Moore's Federal Practice 2069 (2d. ed 1953); 3 Barron & Holtzof, Federal Practice & Procedure sc 1235.1.*

*Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.* See Notes of Advisory Committee of 1963 Amendments to Rules.

*It is adequate to use a motion for summary judgment to resolve a dispute involving the interpretation of an <u>unambiguous contract.</u>* See Howard vs. Russell Stover Candies Inc. 649 F. 2d 620, 623 (1981); Hanson vs. Mc Caw Cellular Comm. Inc. 77 F. 3rd 663, 667 (1996).

A summary judgment is to be granted against a party that after adequate opportunity for discovery *"fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of p[roof at trial."* See Celotex Corp. v. Catrett, 477 US 317, 322 (1986).

When the adjudication of a case requires a determination of intention, the courts should cautious as to the granting of a motion for summary judgment, since its adjudication depends mostly on witness credibility, that should be determined after observing their demeanor in the direct and cross examination. This is particularly true where the issue over intention is about an ambiguous contract, where intention is a matter of fact, not suitable for resolution by way of summary judgment. See Morrison vs. Nissan Co. Ltd. 601 F2d169, 141 (1979); Brobeck Phleger's Alamson v. Telex Corp. 602 F2d 369 (1979); Radix Organization, Inc. v. Mack Trucks Inc. 602 F. 2d 45 (1979); Gertner v. Hospital Affiliates Intern Inc. 602 F. 2d685 (1979); Cedillo v. International Ass'n of Bridge and Iron Workers, Local 1, 603F. 2d 7 (1979); Lytell v. Vautrin 604 f. 2d 18 (1979); Landtec Corp. v. State Mut. Life Assur. Co., etc. 605 F. 2d 75 (1979); Central Nat. Life Ins. Co. v. Fidelity and Deposit Company of Maryland 622 f. 2d 537 (1980); Hotel Restaurant Emp. and Bartenders Intern. Union v. Rollinson 615 F. 2d 788 (1980).

4- On March the 3rd., 1999 the debtor and codefendant Raquel Stewart Collado executed Public Deed No. 4 about Antenuptial Agreement before Notary Public Octavio Malavé Torres wherein the parties *expressly recognized* Raquel Stewart Collado's interest in this real estate at Gurabo:

Bktcy. Case no. 05 - 08295 SEK; CHAPTER 7
UNITED STATES BANKRUPTCY COURT
Adv. No. 06 – 00241
REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; page -4-

---

See:

### "EXPONEN

**PRIMERO:**

**SEGUNDO:** Que DOÑA RAQUEL STEWART COLLADO, --
reconoce que DON JOSÉ ANTONIO ROVIRA SANTIAGO, tiene bienes de su privativo
peculio que adquirió  en estado de soltería con dinero privativo de él, a saber:

--- A.

--- B. Veintidós Mil ($22,000.00) Dólares que aportó Don José Antonio Rovira
Santiago, siendo entonces soltero, _para la compra de un solar y casa, localizado
en la Calle Aurora  C - Diez  (C-10), Urbanización Horizonte, de Gurabo, Puerto
Rico, adquirida mediante escritura número ochenta y cinco (85) el día cuatro (4) de
febrero de mil novecientos noventa y nueve (1999), ante la Notario Isabel Isabel
López Rivera._

**TERCERO:** Que DON JOSÉ ANTONIO ROVIRA SANTIAGO, _reconoce_ que DOÑA
RAQUEL STEWART COLLADO, tiene bienes de su privativo peculio que adquirió  en
estado de soltería con dinero privativo de ella, a saber:

--- A. _Once Mil ($11,000.00) Dólares que aportó Dona Rachel Stewart Collado, siendo
entonces soltera, para la compra de un solar y casa localizado en la Calle Aurora C -
Diez (C-10), Urbanización Horizonte de Gurabo, Puerto Rico,_ adquirida como se indica
en el hecho segundo anterior de esta escritura, en el apartado B. _A pesar de que la
escritura  de  Compraventa  aparece  única  y  exclusivamente  como
Comparador DON JOSÉ ANTONIO ROVIRA SANTIAGO._"

**CUARTO:** Las pastes acuerdan que la hipoteca que pesa sobre la propiedad localizada en
la Calle Aurora C - Diez (C - 10), Urbanización Horizonte de Gurabo, Puerto Rico, _será
pagada por ambas partes por partes iguales para cada una de ellas._

**QUINTO:** Acuerdan además, _que de venderse esta propiedad en algún momento,
cada una de las partes aquí comparecientes, obtendrá la cantidad de dinero que
aportó para la compra y dividirán por partes iguales el balance, luego de restarle las
cantidades antes indicadas._"

These facts clearly show enough, there's controversy as to ownership of the
referenced real estate and that somehow Raquel Stewart Collado is the holder of not
less than an equitable interest in the property.  Copy of Public Deed number 4
hereinbefore addressed is attached herewith, marked Exhibit 2.

*IN RE: JOSE ROVIRA SANTIAGO*
*Bktcy. Case no. 05 - 08295 SEK; CHAPTER 7*
*UNITED STATES BANKRUPTCY COURT*
*Adv. No. 06 – 00241*
*REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; page -5-*

---

**5-** The Trustee's motion for partial summary judgment can't either be granted inasmuch Rule 56, ante, requires that "***the moving party is entitled to a judgment as a matter of law.***"........

**6-** It is our position that the Trustee ***is not entitled to a judgment as a matter of law inasmuch:***

    ***a-*** according to article 1249 of the Civil Code of Puerto Rico 31 L.P.R.A. sc. 3498 contracts by virtue of which the debtor alienates property without good consideration are presumed to be executed in fraud of creditors. ***We hereby ratify this basis is not applicable, and thus erroneously brought to this case*** inasmuch the debtor did not alienated the real estate at Urbanización Horizontes, C -10 Aurora St., Gurabo, P.R., but rather established a mortgage lien upon it. ***This article contemplates the sale rather than the mortgaging of the property to the configuration of alienation in fraud of creditors.***

    ***b-*** pursuant article 1243 (3) of the Civil Code of Puerto Rico, 31 L.P.R.A. sc. 3492 (3) the Trustee must prove that he won't be able to collect the amount received by RS Gift Sales Inc. by other means, but the rescission of the guaranty contract entered into by the debtor with EDB:

    "Son rescindibles: "('Are rescindable:")

    (1)
    (2)
    (3) Los celebrados en fraude de acreedores, cuando estos no puedan de otro modo cobrar lo se les deba." 31 L.P.R.A. sc. 3492 (3). ("Those executed in fraud of creditors, whenever these are unable to collect what it is indebted to them.").

    ***c-*** within the scope of the Negotiable Instruments Act of Puerto Rico, 19 L.P.R.A. sc. 401 et seq ***there is a clear consideration*** where the debtor established a mortgage lien in security of a third party payment obligation:

    Article number 2 (a) 19 L.P.R.A. sc. 603 clearly provides that

IN RE: JOSE ROVIRA SANTIAGO
Bktcy. Case no. 05 - 08295 SEK; CHAPTER 7
UNITED STATES BANKRUPTCY COURT
Adv. No. 06 – 00241
REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; page -6-

(a) It will be understood that an instrument is issued or given in for **value** if:

(1) ...............................................
(2)...............................................
(3) the instrument is issued or given in as evidence, or in payment **or in guaranty of an existing obligation of any person,** indifferently that the obligation is due;

**d-** Section 451 of the Negotiable Instruments Act of Puerto Rico, 19 L.P.R.A. sc. 451 clearly provides:

(1) to (43) ......................................
(44) **Value:** Except provided to the contrary, as to negotiable instruments and banking collections (secs. 603, 858, and 859 of this title), a person grants value for rights:

(a) ......................................
(b) **as a guaranty or in satisfaction total or partial of a pre existing claim.** and (d) **generally, in exchange for any onerous consideration enough to give validity to a contract.**

**e-** article 1226 of the Civil Code of Puerto Rico 31 L.P.R.A. sc. 3431 it is understood for consideration in onerous contracts for each contracting party the object or performance, doing, not doing, or the giving or promise thereof or of service from the other; on those remunerative or profitable, the service or benefit given in, and in those that are of purely benefit or for welfare, the mere generosity of the giver.

**f-** article 1229 of the Civil Code of Puerto Rico 31 L.P.R.A. sc. 3434 even though consideration **is not stated in the contract, <u>its existence is to be presumed and that it is a legitimate one, until the contrary is proved.</u>**

**g-** in order to achieve rescission **it must be proved** that the buyer and the seller **came into collusion or connivance to defraud creditors of the seller;** that means, the buyer must have known, at the time of the sale, the fraudulent intent of the seller. See Velco vs. Industrial Service Apparel et al, AC-96-16 (05/22/97).

*IN RE: JOSE ROVIRA SANTIAGO*
*Bktcy. Case no. 05 - 08295 SEK; CHAPTER 7*
*UNITED STATES BANKRUPTCY COURT*
*Adv. No. 06 – 00241*
*REPLY TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; page -7-*

*h-* pursuant article 1246 of the Civil Code of Puerto Rico 31 L.P.R.A. sc. 3495 rescission *is a subsidiary remedy in nature:*

"**The rescission action <u>is subsidiary</u>; <u>it shall not be commenced except when the injured lacks every other legal resource to remedy his injury.</u>**"

*Wherefore it is respectfully requested of this Honorable Court* to **deny** the Trustee's motion for partial summary judgment to annul EDB's mortgage lien upon the real estate property at Urbanización Horizontes, C - 10 Aurora St., Gurabo, P. R., together with any other ruling in law or practice.

### CERTIFICATE OF SERVICE

*We hereby certify that on this date, the foregoing document has been electronically filed with the Clerk of the Court and that notice of the same have been served to Wilfredo Segarra Miranda, Esq, Chapter 7 Trustee and to all other parties of record by way of the CM/ECF system.*

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 19th., day of March, 2008.


*S/* **ELFREN COLÓN RODRÍGUEZ**
**U.S.D.C. - P. R. 111311**
Attorney for ECONOMIC DEVELOPMENT
BANK FOR PUERTO RICO
P. O. Box 2134
San Juan, Puerto Rico 00922
Telephone: (787) 641 - 4300
Fax        (787) 277 - 7090
sl02@bde.gobierno.pr



EXHIBIT
2

DE SACA:

el mismo lugar
ha de su otorga-
o expedía primera
e certificada a
de José Antonio
a Santiago. DOY

ŎTARIO PUBLCO





FOLIO NUMERO TRECE

----------NUMERO CUATRO----------

--------CAPITULACIONES MATRIMONIALES--------

----En Río Piedras, San Juan, Puerto Rico, a los ---

tres (3) días del mes de marzo de mil novecientos

noventa y nueve (1999). ------------------------

------------------------ANTE MI------------------

----OCTAVIO MALAVE TORRES, Abogado y Notario Público

del Estado Libre Asociado de Puerto Rico, con ------

estudio de Abogado y Notaría, así como residencia

y vecindad en Río Piedras, San Juan, Puerto Rico.

------------------COMPARECEN------------------

---DE LA PRIMERA PARTE:  DON JOSE ANTONIO ROVIRA

SANTIAGO, mayor de edad, soltero, con Seguro Social

número:  Cinco ochenta y cuatro guión, cuarenta y

nueve guión, noventa y cuatro cincuenta y siete ---

(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), Comerciante y vecino de Gurabo, --

Puerto Rico. ------------------------------------

----DE LA SEGUNDA PARTE:  DOÑA RACHEL STEWART COLLAD(

mayor de edad, soltera, empleada, con Seguro Social

número:  Cinco ochenta y dos guión, cincuenta y ---

cinco guión, noventa y siete cero nueve -----------

(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) y vecina de Gurabo, Puerto Rico. ----

---Me aseguran tener y a mi juicio tienen la ------

capacidad legal necesaria para este otorgamiento y

en tal virtud libremente: ------------------------

------------------EXPONEN------------------

----PRIMERO:  Que Los Comparecientes habrán de -----

contraer matrimonio entre sí y con motivo de dichas

núpcias desean otorgar las siguientes Capitulacione.

Matrimoniales. ------------------------------------

----SEGUNDO:  Que DOÑA RACHEL STEWART COLLADO, ---

reconoce que DON JOSE ANTONIO ROVIRA SANTIAGO, tien

bienes de su privativo peculio que adquirió en esta

do de soltería con dinero privativo de él, a saber:

----A.  El cincuenta (50%) por ciento de la casa y





FOLIO NUMERO CATORCE

solar localizado en la Calle Montellano S-trece --
(S-13) en la Urbanización Colinas Metropolitanas de
Guaynabo, Puerto Rico. Esta propiedad fue adquiri-
da por El Compareciente y su anterior esposa, Doña
Marjorie V. Rivera Pugh, a quien la corresponde el
cincuenta (50%) por ciento de la misma. -----------
----B. Veintidos Mil ($22,000.00) Dólares que ---
aportó Don José Antonio Rovira Santiago, siendo --
entonces soltero, para la compra de un solar y ---
casa localizado en la Callé Aurora C-Diez (C-10),
Urbanización Horizonte, de Gurabo, Puerto Rico, --
adquirida mediante escritura número ochenta y cinco
(85) el día cuatro (4) de febrero de mil novecien-
tos noventa y nueve (1999), ante la Notario Isabel
López Rivera. ---------------------------------------
----C. Cuenta número Setenta y ocho veinte setenta
y nueve cincuenta y seis (78207956) en Popular ---
Security. ------------------------------------------
----D. Cuenta número Dos diecisiete cero seis ---
setenta y nueve ochenta y tres (217067983) en el --
Banco Popular de Puerto Rico. ----------------------
----E. Automóvil Nissan Dos cuarenta (240) SX, ---
modelo mil novecientos noventa y uno (1991). -------
---TERCERO: Que DON JOSE ANTONIO ROVIRA SANTIAGO,
reconoce que DOÑA RACHEL STEWART COLLADO tiene ----
bienes de su privativo peculio que adquirió en --
estado de soltería con dinero privativo de ella,
a saber: -------------------------------------------
------A. Once Mil ($11,000.00) Dólares que aportó
Doña Rachel Stewart Collado, siendo entonces ----
soltera, para la compra de un solar y casa localiza-
do en la Calle Aurora C-Diez (C-10), Urbanización
Horizonte de Gurabo, Puerto Rico, adquirida como
se indica en el hecho segundo anterior de esta ----
escritura, en el apartado B. A pesar de que la --



FOLIO NUMERO QUINCE

escritura de Compraventa aparece única y exclusiva-
mente como Comprador, Don José Antonio Rovira ------
Santiago. ----------------------------------------------
-----B. Todos los muebles ubicados en la casa de
la Calle Aurora C-Diez (C-10), Urbanización -------
Horizonte de Gurabo, Puerto Rico. -------------------
---CUARTO: Las partes acuerdan que la hipoteca que
pesa sobre la propiedad localizada en la Calle ---
Aurora C-Diez (C-10), Urbanización Horizonte de ---
Gurabo, Puerto Rico, será pagada por ambas partes
por partes iguales para cada una de ellas. --------
-----QUINTO: Acuerdan además, que de venderse esta
propiedad en algún momento, cada una de las partes
aquí comparecientes, obtendrá la cantidad de dinero
que aportó para la compra y dividirán por partes--
iguales el balance, luego de restarle las cantida-
des antes indicadas. ------------------------------
-----SEXTO: Los Comparecientes desean mantener y --
mantendrán separadamente la propiedad y administra-
ción de sus respectivos bienes presentes y futuros.
-----SEPTIMO: Los Comparecientes estipulan que su -
matrimonio no estará sujeto al régimen de la Socie-
dad Legal de Gananciales provista en el Código --
Civil de Puerto Rico, ni sus bienes presentes ni -
futuros. -------------------------------------------
---OCTAVO: Estipulan Los Comparecientes que luego
de celebrarse el matrimonio entre ambos, cada uno
de ellos será responsable de su patrimonio propio
sin que para nada tenga que intervenir el otro cón-
yuge y entre ambos asumirán los gastos del hogar -
conyugal. ------------------------------------------
---NOVENO: Convienen y estipulan Los Comparecientes
que ambos cónyuges tendrán la libre administración
de sus respectivos bienes propios y futuros y po-
drán disponer de ellos sin limitación alguna, -----

3



FOLIO NUMERO DIECISEIS

pudiendo ambos realizar toda clase de operaciones sin necesidad de permiso o consentimiento alguno del otro cónyuge. ---------------------------------
----DECIMO: Cualquiera de los cónyuges aquí comparecientes podrá ocupar toda clase de cargos públicos o privados, dedicarse al comercio y adquirir toda clase de bienes muebles o inmuebles, derechos reales o personales, así como transferirlos, enajenarlos, hipotecarlos, venderlos, traspasarlos, -- permutarlos o en cualquier otra forma gravarlos -- con los pactos y condiciones y para los fines y -- propósitos que determine o crea pertinente, sin limitación alguna y sin necesidad de intervención, conocimiento o consentimiento del otro cónyuge.
----UNDECIMO: Cualquiera de los cónyuges podrá disponer de su sueldo o ingreso de cualquier naturaleza o clase, en la forma en que crea pertinente, -- sin necesidad de la intervención, conocimiento o consentimiento del otro cónyuge. ----------------
----DUODECIMO: Las partes acuerdan que cualquier cantidad de dinero o cualquier obligación o deuda que vengan obligados a pagar cualquiera de ellos, lo hará con dinero de su propio peculio y sin que la otra parte tenga que intervenir o asumir responsabilidad. ------------------------------
----------------------ACEPTACION-------------------
----Tal es la escritura que Los Comparecientes ----- aceptan en todas sus partes por estar la misma----- redactada de acuerdo a sus instrucciones. ----------
----YO, el Notario, hice a los otorgantes las reservas y advertencias de Ley pertinentes. -----------
----------------------OTORGAMIENTO-------------------
----Tal es la escritura que Los Comparecientes ---- otorgan ante mí, el Notario Autorizante, sin la --



FOLIO NUMERO DIECISIETE

intervención de testigos instrumentales por no ser
necesaria la comparecencia de los mismos en este
otorgamiento por acuerdo de Los Comparecientes y
el Notario Autorizante.
LECTURA
Leída que fue esta escritura por los otorgantes,
la hallaron conforme ratificándose en su contenido
y la firman escribiendo además sus iniciales al
margen de cada uno de los folios de la misma.
Del conocimiento personal de Los Comparecientes,
así como por sus dichos de su mayoridad, estado
civil, profesión y vecindad y de todo lo demás que
afirmo o refiero en este Instrumento Público, YO,
el Notario Autorizante, DOY FE.

FIRMADO:   JOSE ANTONIO ROVIRA SANTIAGO;   RACHEL
STEWART COLLADO.

Firmado, signado, sellado y rubricado.  OCTAVIO
MALAVE TORRES.  Están estampadas las iniciales de
los otorgantes en cada página del original de esta
escritura.  Hay adherido y cancelado con el sello de
esta Notaría, el correspondiente sello se Impuesto
Noarial, así como los correspondientes sellos de Renta:
Internas que demanda la Ley.

Es tercera copia fotostática que concuerda bien
y fielmentte con su original, que bajo el número 4
obra en mi Protocolo correspondiente al año 1999 a
que me remito y anoto a su margen.  En fe de ello y
a solicitud de José Antonio Rovira Santiago, la
expido bajo mi firma y sello oficial en 5 hojas de
papel escritas por un solo lado.  En Río Piedras,
San Juan, P.R. a 2   de julio de 2004,   DOY FE.

NOTARIO PUBLICO